IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VALLEY INTERNATIONAL COUNTRY CLUB HOMEOWNERS ASSOCIATION, INC., JAMES D. NELSON, DOUGLAS C. MCKEE, AND ROBERT C. BROOKS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-09-CV-244 |
| FEDERAL INSURANCE COMPANY AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | § § § | |
| Defendants. | § § § | |

**DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

Respectfully submitted,


By:  /s/ R. Douglas Noah, Jr.
R. Douglas Noah, Jr.
Attorney-in-Charge
Texas State Bar No. 15047500
Southern District of Texas Bar No. 15287
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Facsimile: (214) 698-1101
Email: doug.noah@wilsonelser.com


**ATTORNEY FOR DEFENDANT
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA**

# TABLE OF CONTENTS

PAGE(S)

TABLE OF CITATIONS ............................................................................... iii

I.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING.................. 1

II.  STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT.................. 2

III. SUMMARY JUDGMENT EVIDENCE...................................................................... 3

IV.  STATEMENT OF UNDISPUTED FACTS ............................................................. 4

     A.  The Policy Expressly Excludes Coverage for Claims
         Arising out of Prior Litigation.................................................................. 4

     B.  The Insureds Were Sued in the 2009 Lawsuit, Which is an "Exact Replica"
         of Prior Litigation Filed Against the Insureds in 2001 ............................. 5

         1.  The 2009 Lawsuit ............................................................................. 5

         2.  The 2001 Lawsuit ............................................................................. 6

     C.  The Coverage Dispute .............................................................................. 7

V.   SUMMARY OF THE ARGUMENT ........................................................................ 8

VI.  ARGUMENT AND AUTHORITIES ....................................................................... 9

     A.  This Case Involves Questions of Law and Is Appropriate
         for Summary Judgment ............................................................................ 9

     B.  Only the Pleadings and the Policy Are Considered to
         Determine the Duty to Defend................................................................ 10

     C.  The Prior Litigation Exclusion Is Unambiguous, Is Not
         Subject to Any Special Rules Favoring the Insureds, and
         Must Be Enforced as Written ................................................................. 11

     D.  The Prior Litigation Exclusion Applies Broadly and Requires
         Only an Incidental Relationship, Not Exact Identity, with
         the Earlier Lawsuit................................................................................. 12

         1.  Texas Broadly Construes This "Arising out of" Policy
             Language as Requiring Only an Incidental Relationship.................... 13

2.   The Lawsuits Need Not Be Identical for the
     Exclusion to Apply ....................................................................... 14

3.   Travelers' Policy Language Is Phrased in the Disjunctive and
     Uses the Even Broader Wording "In Any Way Involving" .................... 15

E.   The Prior Litigation Exclusion Bars Coverage for the 2009 Lawsuit .................. 17

1.   The 2009 Lawsuit Petition States That the 2009 Lawsuit
     Is an "Exact Replica" of the 2001 Lawsuit..................................... 17

2.   The Lawsuits Involve the Same Parties or Parties Sued
     in the Same Capacities.................................................................. 18

3.   The Lawsuits Involve the Same Type of Wrongdoing............................ 19

4.   The Lawsuits Seek the Same Relief Based on the Same
     Causes of Action........................................................................... 21

5.   The Prior Litigation Exclusion Applies to
     Exclude Coverage for the 2009 Lawsuit ....................................... 21

F.   In the Absence of Coverage, Travelers Is Entitled to Summary Judgment
     on All of the Insureds' Causes of Action ............................................................ 23

VII.  CONCLUSION ................................................................................................. 25

## TABLE OF CITATIONS

CASES                                                                                    PAGE(S)

*Addicks Services, Inc. v. GGP-Bridgeland, LP*,
596 F.3d 286 (5th Cir. 2010) ......................................................................... 3

*AGIP Petroleum Co. v. Gulf Island Fabrication*,
920 F. Supp. 1318 (S.D. Tex. 1996) ............................................................. 12

*Am. Gen. Life Ins. Co. v. Ace Ins. Co.*,
131 Fed. Appx. 218 (11th Cir. 2005) ............................................................ 11

*Am. States Ins. Co. v. Bailey*,
133 F.3d 363 (5th Cir. 1998) .......................................................... 13, 22, 23

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ....................................................................................... 3

*Armour v. Knowles*,
12 F.3d 147 (5th Cir. 2007) ........................................................................... 3

*Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*,
99 F.3d 695 (5th Cir. 1996) ......................................................................... 13

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ....................................................................................... 2

*Farmers Tex. County Mut. Ins. Co. v. Griffin*,
955 S.W.2d 81 (Tex. 1997) .......................................................................... 23

*Fed. Ins. Co. v. Raytheon Co.*,
426 F.3d 491 (1st Cir. 2005) ............................................................ 14, 15, 22

*Fontenot v. Upjohn Co.*,
780 F.2d 1190 (5th Cir. 1986) ..................................................................... 10

*Gemini Ins. Co. v. Andy Boyd Co. LLC*,
243 Fed. Appx. 814 (5th Cir. 2007) ............................................................ 13

*Gilbane Bldg. Co. v. Empire Steel Erectors, L.P.*,
691 F. Supp. 2d 712 (S.D. Tex. 2010) ......................................................... 10

*Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*,
538 F.3d 365 (5th Cir. 2008) ....................................................................... 10

iv

*GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,*
197 S.W.3d 305 (Tex. 2006) ........................................................................ 10, 18

*Home Depot, U.S.A., Inc. v. Fed. Ins. Co.,*
241 F. Supp. 2d 702 (E.D. Tex. 2003) ................................................................ 10

*HR Acquisition I Corp. v. Twin City Fire Ins. Co.,*
547 F.3d 1309 (11th Cir. 2008) ............................................................... 16, 17, 21

*Kelley-Coppedge, Inc. v. Highlands Ins. Co.,*
980 S.W.2d 462 (Tex. 1998) ............................................................................... 12

*King v. Dallas Fire Ins. Co.,*
85 S.W.3d 185 (Tex. 2002) ....................................................................... 10, 11, 23

*King Chapman & Broussard v. Nat'l Union Fire Ins. Co.,*
171 S.W.3d 222 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ..................... 11, 12

*Liberty Mut. Ins. Co. v. Graham,*
473 F.3d 596 (5th Cir. Tex. 2006) ......................................................................... 9

*Lincoln Gen. Ins. Co. v. Reyna,*
401 F.3d 347 (5th Cir. 2005) ................................................................................. 2

*Lindquist v. City of Pasadena,*
656 F. Supp. 2d 662 (S.D. Tex. 2009) ................................................................... 3

*Little v. Liquid Air Corp.,*
37 F.3d 1069 (5th Cir. 1994) (en banc) ................................................................. 3

*MBM Fin. Corp. v. Woodlands Operating Co., L.P.,*
292 S.W.3d 660 (Tex. 2009) ............................................................................... 24

*Mid-Century Ins. Co. v. Lindsey,*
997 S.W.2d 153 (Tex. 1999) ............................................................................... 13

*Mid-Continent Cas. Co. v. Camaley Energy Co.,*
364 F. Supp. 2d 600 (N.D. Tex. 2005) ................................................................. 11

*ML Direct, Inc. v. TIG Specialty Ins. Co.,*
79 Cal. App. 4th 137 (Cal. Ct. App. 2000) ................................................. 12, 14, 22

*Monroe County v. Intl' Ins. Co.,*
609 N.W.2d 522 (Iowa 2000) ............................................................................. 16

553112.1

*Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.,*
939 S.W.2d 139 (Tex. 1997) ........................................................................................10

*Ooida Risk Retention Group, Inc. v. Williams,*
579 F.3d 469 (5th Cir. 2009) ........................................................................................9

*Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.,*
279 S.W.3d 650 (Tex. 2009) .................................................10, 11, 17, 18, 23, 24

*Potomac Ins. Co. v. Jayhawk Med. Acceptance Corp.,*
198 F.3d 548 (5th Cir. 2000) ..................................................................................11, 12

*Progressive County Mut. Ins. Co. v. Boyd,*
177 S.W.3d 919 (Tex. 2005) ........................................................................................24

*Quorum Health Res., L.L.C. v. Maverick County Hosp. Dist.,*
308 F.3d 451 (5th Cir. 2002) ........................................................................................3

*Red Ball Motor Freight v. Employers Mut. Liab. Ins. Co.,*
189 F.2d 374 (5th Cir.1951) ........................................................................................13

*Snelling & Snelling, Inc. v. Fed. Ins. Co.,*
205 Fed. Appx. 199 (5th Cir. 2006) ..........................................................................10, 12

*South Tex. Med. Clinics, P.A. v. CNA Fin. Corp.,*
No. H-06-4041, 2008 WL 450012 (S.D. Tex. 2008) ....................................................24

*Sport Supply Group, Inc. v. Columbia Cas. Co.,*
335 F.3d 453 (5th Cir. 2003) ..................................................................................13, 22

*State Farm Lloyds v. Page,*
No. 08-0799, ___ S.W.3d ___, 53 Tex. S. Ct. J. 826 (Tex. June 11, 2010) .................11

*Tri Core Inc. v. Northland Ins. Co.,*
No. 3-01-CV-1431, 2002 WL 31548754 (N.D. Tex. 2002) ......................................11, 14

*Trinity Universal Ins. Co. v. Cowan,*
945 S.W.2d 819 (Tex. 1997) ..................................................................................10, 11

*Universal Teleservices Arizona, LLC v. Zurich Am Ins Co.,*
879 A.2d 230 (Pa. Super. Ct. 2005) ............................................................................12

*Utica Nat'l Ins. Co. v. Am. Indem. Co.,*
141 S.W.3d 198 (Tex. 2004) ........................................................................................13

vi

*Willbros RPI, Inc. v. Cont'l Cas. Co.*,
601 F.3d 306 (5th Cir. 2010) ........................................................................................ 9, 13

*Zunehsine v. Executive Risk Indem. Inc.*,
1998 WL 483475 (S.D.N.Y. 1998), *aff'd*, 182 F.3d 902 (2d Cir. 1999) ..................................... 16

*Zurich Am. Ins. Co. v. Nokia, Inc.*,
268 S.W.3d 487 (Tex. 2008) ........................................................................................ 10

## STATUTES AND RULES                                                           PAGE(S)

FED. R. CIV. P. 56   ........................................................................................ 1, 2, 3

TEX. CIV. PRAC. & REM. CODE § 38.001   ............................................................... 8, 24

TEX. INS. CODE § 542.051 *et seq.* ....................................................................... 8, 24

Pursuant to Federal Rule of Civil Procedure 56 and the Local Rules of this Court, Defendant Travelers Casualty and Surety Company of America ("Travelers") files this Motion for Summary Judgment and Brief in Support and respectfully shows the Court as follows:

## I.
## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This is an insurance coverage dispute. Plaintiffs are the Valley International Country Club Homeowners Association, Inc. ("VICC") and its directors and officers (collectively with VICC, "the Insureds"), who seek coverage under a Directors and Officers liability insurance policy issued by Travelers (the "Policy") for an underlying lawsuit (the "2009 Lawsuit") against them alleging they improperly amended a residential subdivision's covenants and restrictions. (Doc. 1-1, Original Petition at 1-4).[1]  The Insureds sued Travelers and Federal Insurance Company ("Federal") in state court on September 16, 2009, and the action was removed to this Court on October 22, 2009. (Doc. 1; Doc. 1-1, Original Petition at 1). On April 19, 2010, Federal joined Travelers Lloyds of Texas Insurance Company ("Travelers Lloyds"), the homeowners insurance carrier for Plaintiff James Nelson, as a third-party defendant.[2] (Doc. 17).

The parties jointly requested that the Court bifurcate the litigation into two phases – with Phase One to address the duty to defend, and Phase Two to address the duty to indemnify. (Doc. 7 at 3; Doc. 8). The parties have completed Phase One discovery, and this case is now ripe for resolution by summary judgment. The parties agreed that even though Phase One focuses on the duty to defend, the insurers could move for summary judgment on the duty to indemnify during Phase One to the extent that they contend that the same issue that precludes the duty to defend

---

[1] "Doc." refers to documents filed in this action.

[2] Travelers and Travelers Lloyds are distinct entities and issued separate insurance policies to different Insureds. The undersigned counsel represents only Travelers, and this motion addresses only Travelers.

also precludes the duty to indemnify.  (Doc. 7 at 3 n.1).  Travelers so contends, and this motion therefore addresses both the duty to defend and the duty to indemnify.

## II.
## STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

The undisputed summary judgment evidence establishes that no genuine issue exists as to any material fact and that Travelers is entitled to judgment as a matter of law on the following grounds:

(1)    The Travelers Policy contains a "Prior Litigation Exclusion" which clearly and broadly excludes coverage for any Claim:

> based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any litigation against any Insured on or prior to [November 18, 2008], or any fact, circumstance or situation underlying or alleged therein.

The 2009 Lawsuit is based on, and arises out of, a prior lawsuit filed against the Insureds in 2001 involving the same parties, the same allegations of improper amendments to the same covenants, and the same causes of action seeking the same relief.   Consequently, the Prior Litigation Exclusion clearly bars coverage for the 2009 Lawsuit.

(2)    Absent any coverage, Travelers has no duty to defend or indemnify the Insureds for the 2009 Lawsuit, and all of the Insureds' causes of action against Travelers fail as a matter of law.

Under the applicable standard of review, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2).  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-25 (1986); *Lincoln Gen. Ins. Co. v. Reyna,* 401 F.3d 347, 349 (5th Cir. 2005).

The movant bears the initial burden of demonstrating the absence of any genuine issue of material fact, and entitlement to judgment as a matter of law. *Addicks Services, Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 293 (5th Cir. 2010); *Lindquist v. City of Pasadena*, 656 F. Supp. 2d 662, 676 (S.D. Tex. 2009). When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Armour v. Knowles*, 12 F.3d 147, 153 (5th Cir. 2007) (explaining that the "the nonmoving party must rebut with 'significant probative' evidence"). However, "[t]his burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by 'only a 'scintilla' of evidence." *Lindquist*, 656 F. Supp. 2d at 662 (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). Rather, the opposing party's response must "set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). Merely colorable evidence, or evidence not significantly probative, will not defeat a properly supported summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). When the non-movant fails to make the requisite showing and the movant has met its summary judgment burden, the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c)(2), (e)(2); *Quorum Health Res., L.L.C. v. Maverick County Hosp. Dist.,* 308 F.3d 451, 471 (5th Cir. 2002).

## III.
## SUMMARY JUDGMENT EVIDENCE

In addition to the pleadings on file in this action, Travelers relies on the following summary judgment evidence contained in the attached Appendix ("Apx.") and incorporated herein by reference as if set forth in full:

Tab A:     Declaration of Eric A. Nelson, with the following attached exhibit:

Tab A-1:     Travelers' Policy

Tab B:          Declaration of R. Douglas Noah, Jr., with the following attached exhibit:

        Tab B-1:    Plaintiffs' Objections and Responses to Defendant Federal Insurance Company's First Set of Interrogatories

Tab C:          A certified copy of the Plaintiffs' Original Petition for Declaratory Judgment, and Temporary Restraining Order, Temporary Injunction, Permanent Injunction (Injunctive Relief), and Damages in the 2009 Lawsuit, without exhibits

Tab D:          A certified copy of the Plaintiffs' Amended Petition for Declaratory Judgment, and Temporary Restraining Order, Temporary Injunction, Permanent Injunction (Injunctive Relief), and Damages in the 2009 Lawsuit, with exhibits

## IV.
## STATEMENT OF UNDISPUTED FACTS

This Motion for Summary Judgment is based on the following undisputed material facts:

**A.**     **The Policy Expressly Excludes Coverage for Claims Arising out of Prior Litigation**

Travelers issued its Non-Profit Management and Organization Liability Insurance Policy No. 105200981 to VICC for the Policy Period of November 18, 2008 to November 18, 2009 (the "Policy").[3]   (Apx. Tab A-1 at Declarations).   Section IV. of the Policy expressly states the following exclusion:

> The Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any of the Insureds: . . .
>
> 5)     based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any litigation against any Insured on or prior to the Pending and Prior Litigation Date set forth in Item 9 of the Declarations, or any fact, circumstance or situation underlying or alleged therein;

(the "Prior Litigation Exclusion") (Apx. Tab A-1 at Page 3 of 6).   The Declarations identifies the Pending and Prior Litigation Date as November 18, 2008.   (Apx. Tab A-1 at Declarations).

---

[3] The capitalized words are terms that are defined in the Policy and are used herein in accordance with those definitions.

**B.** **The Insureds Were Sued in the 2009 Lawsuit, Which Is an "Exact Replica" of Prior Litigation Filed Against the Insureds in 2001**

**1.** **The 2009 Lawsuit**

On June 15, 2009, the Insureds were sued in the lawsuit styled *Los Campeones, Inc. d/b/a Valley International Country Club, et al. v. V.I.C.C. Homeowners' Association, Inc., et al.*, Cause No. 2009-06-3659-C, pending in the 445th District Court of Cameron County, Texas (the "2009 Lawsuit"). (Apx. Tab C at 1). The operative pleading in the 2009 Lawsuit is the "Plaintiffs' Amended Petition for Declaratory Judgment, and Temporary Restraining Order, Temporary Injunction, Permanent Injunction (Injunctive Relief), and Damages" filed on August 3, 2009 (the "2009 Lawsuit Petition"). (Apx. Tab D at 1). The plaintiffs in the 2009 Lawsuit are Los Campeones, Inc. d/b/a Valley International Country Club ("Los Campeones" or the "Developer"), The Community Association of Valley Inn, Inc. ("The Community Association"), and individual owners of property in the Country Club Estates residential subdivision. (Apx. Tab D at 1, 5-7).

The crux of the 2009 Lawsuit Petition is that the Insureds improperly amended the April 1, 1969 "Covenants and Restrictions of Country Club Estates, Sections 4, 5, 6, 7, 7A, 7B, 8, 8A, 8B, 8C, 9, 9A, 13 and 100" (the "1969 Covenants"). (Apx. Tab D at 2-3, 22-25, and Exhibit "B").[4] Specifically, the plaintiffs in the 2009 Lawsuit allege that the Insureds wrongfully and illegally passed and filed with the Cameron County Clerk the May 5, 2009 "Agreement Modifying and Revising the Existing Covenants and Restrictions of Country Club Estates Applicable to Sections 4, 5, 6, 7, 7A, 7B, 8, 8A, 8B, 8C, 9, 9A, 13 and 100" (the "2009 Amendment"). (Apx. Tab D at 24-25 and Exhibit "A"). The plaintiffs in the 2009 Lawsuit

---

[4] "Exhibit '_'" refers to Exhibits attached to the 2009 Lawsuit Petition at Apx. Tab D.

contend that they are legal and equitable owners of property that may be subject to or burdened by the 2009 Amendment, which transfers from Los Campeones to VICC the duties and responsibilities for maintaining facilities, yard maintenance, trash pick-up, homeowners services, and street maintenance within Country Club Estates and for collecting maintenance fees, dues, and assessments from the homeowners. (Apx. Tab D at 5, 23, 46-47, 62).

The 2009 Lawsuit Petition seeks a declaratory judgment that the 2009 Amendment "is wrongfully recorded, and was not properly modified and revised in a precise and effective manner." (Apx. Tab D at 71-72). The 2009 Lawsuit Petition asks the Court to set aside the 2009 Amendment, to declare that the 1969 Covenants remain in place, and to grant injunctive relief restraining the Insureds from enforcing the 2009 Amendment. (Apx. Tab D at 72-77).

### 2.     The 2001 Lawsuit

Notably, the 2009 Lawsuit Petition expressly states that the 2009 Lawsuit is an "exact replica" of a prior lawsuit filed on March 29, 2001, styled *Los Campeones, Inc., et al. v. VICC Homeowners' Association, Inc., et al.*, Cause No. 2001-03-1577-A, in the 107th District Court of Cameron County, Texas (the "2001 Lawsuit"). (Apx. Tab D at 25 and Exhibit "D"). The 2009 Lawsuit Petition even attaches and incorporates the pleading in the 2001 Lawsuit "as if fully copied and set forth at length." (Apx. Tab D at 26 and Exhibit "D"). Like the 2009 Lawsuit, the 2001 Lawsuit was brought by Los Campeones, The Community Association, and individual owners of property in Country Club Estates against VICC and its directors and officers. (Apx. Tab D at Exhibit "D" at 1, 3-4). Also, like the 2009 Lawsuit, the 2001 Lawsuit sought a declaratory judgment and injunctive relief regarding alleged improper amendments made to the 1969 Covenants to transfer from Los Campeones to VICC the duties and responsibilities for maintaining facilities, yard maintenance, trash pick-up, homeowners services, and street

maintenance within Country Club Estates and for collecting maintenance fees, dues, and assessments from the homeowners.  (Apx. Tab D at Exhibit "D" at 2-3, 5).  VICC tendered the 2001 Lawsuit to Federal for defense and indemnity under Policy No. 8151-38-83B issued by Federal to VICC for the period from April 3, 2001 to April 3, 2004 (the "Federal Policy"), and Federal provided coverage for the 2001 Lawsuit.  (Doc. 1-1, Original Petition at ¶¶ 11-12).

## C.    The Coverage Dispute

On or about June 18, 2009, the Insureds submitted the 2009 Lawsuit to Travelers for defense and indemnity under the Policy. (Doc. 1-1, Original Petition at ¶ 15; Apx. Tab A at ¶ 3). After evaluation, Travelers determined that due to the 2001 Lawsuit, the Policy's Prior Litigation Exclusion barred coverage for the 2009 Lawsuit, and on August 1, 2009, advised the Insureds that it would not provide a defense or indemnity for the 2009 Lawsuit.[5]  (Apx. Tab A at ¶ 6). The Insureds then submitted the 2009 Lawsuit to Federal, which also denied coverage.  (Doc. 1-1, Original Petition at ¶¶ 17-18).   Travelers subsequently changed its coverage position and agreed to share with Federal in providing a defense to the Insureds for the 2009 Lawsuit, subject to their respective reservations of rights.  (Apx. Tab A at ¶ 7).

The Insureds seek a declaration that Travelers owes defense and indemnity coverage to them for the 2009 Lawsuit and assert a cause of action against Travelers for breach of contract, alleging that Travelers breached the Policy by failing to provide a defense for the 2009 Lawsuit.

---

[5] Travelers' August 1, 2009 letter raised two additional grounds for denial: (1) the 2009 Lawsuit and the 2001 Lawsuit are based upon or arise out of the same Wrongful Act or Related Wrongful Acts and therefore are considered a single Claim, and this single Claim is deemed to have been first made in 2001 and therefore does not meet the requirement of the Policy's insuring agreement that the Claim be first made against the Insureds during the 2008-09 Policy Period; and (2) the Exclusion at Section IV.2) of the Policy precludes coverage for the 2009 Lawsuit because it is a Claim "based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any fact, circumstance or situation which has been the subject of any notice given under any other policy of which this Policy is a renewal or replacement."  (Apx. Tab A at ¶ 6; Apx. Tab A-1 at Pages 3-4 of 6). However, since the Prior Litigation Exclusion is dispositive of all of the Insureds' causes of action in this lawsuit, this Motion focuses on that coverage defense.  Travelers does not waive any of its other coverage defenses.

(Doc. 1-1, Original Petition at ¶¶ 21-22, 25-26).   Additionally, the Insureds contend that Travelers' failure to accept coverage for the 2009 Lawsuit violates the Prompt Payment of Claims Act, Section 542.051 *et seq.* of the Texas Insurance Code, entitling them to an 18% penalty and attorneys' fees.  (*Id.* at ¶¶ 27-28).  The Insureds also seek attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code.  (*Id.* at ¶¶ 29-30).  As shown below, because the Policy's Prior Litigation Exclusion bars coverage for the 2009 Lawsuit, Travelers is entitled to summary judgment on all of the Insureds' causes of action against it.

## V.
## SUMMARY OF THE ARGUMENT

The Prior Litigation Exclusion clearly and unambiguously bars coverage for any Claim:

> based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any litigation against any Insured on or prior to [November 18, 2008], or any fact, circumstance or situation underlying or alleged therein.

Texas law instructs that this "arising out of" language must be broadly enforced as written, even when used in an exclusion, and that only an "incidental relationship" is necessary for the exclusion to apply.  Courts in Texas and other jurisdictions routinely enforce such prior litigation exclusions, holding that this very broad language, particularly the Policy's "or in any way involving" phrase, does not require strict identity between the lawsuits or that the lawsuits involve the same parties or legal theories.

Under Texas' eight-corners rule, the duty to defend is determined based solely on the Policy and the underlying pleadings.  Comparing the pleadings here (including the attachments thereto), it cannot be disputed that the 2009 Lawsuit is a Claim "based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving" the 2001 Lawsuit, "or any fact, circumstance or situation underlying or alleged" in the 2001 Lawsuit.

Most notably, the 2009 Lawsuit Petition itself expressly states that the 2009 Lawsuit is an "exact replica" of the 2001 Lawsuit.  Both lawsuits: (1) involve the same parties or parties sued in the same capacities (Los Campeones and the property owners versus VICC and its directors/officers), (2) involve the same type of alleged wrongdoing with respect to the same covenants (improper amendments to the 1969 Covenants to transfer duties from Los Campeones to VICC), and (3) seek the same relief based on the same causes of action (declaratory relief that the amendments are void and injunctive relief prohibiting the enforcement of the amendments). Indeed, the Insureds' discovery responses in this action admit that the allegations in the 2009 Lawsuit are "similar or identical" to the allegations in the 2001 Lawsuit.

Given this substantial overlap, the undisputed facts establish as a matter of law that the Prior Litigation Exclusion bars coverage for the 2009 Lawsuit.  Therefore, Travelers has no duty to defend or indemnify the Insureds for the 2009 Lawsuit, and the Insureds are not entitled to declaratory relief.  Because there is no coverage, the Insureds cannot prevail on their claims for breach of contract, violation of Chapter 542 of the Insurance Code, or attorneys' fees. Accordingly, Travelers is entitled to summary judgment as a matter of law and to dismissal of all the causes of action the Insureds have asserted against it in this action.

## VI.
## ARGUMENT AND AUTHORITIES

### A.    This Case Involves Questions of Law and Is Appropriate for Summary Judgment

The issue of whether Travelers has a duty to defend is a question of law.  *See Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 472 (5th Cir. 2009); *Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 599 (5th Cir. Tex. 2006).  Likewise, the interpretation of an insurance policy is also a question of law.  *See Willbros RPI, Inc. v. Cont'l Cas. Co.*, 601 F.3d 306, 309 (5th Cir. 2010).  Because this case presents only questions of law to be decided by the Court, it can

and should be resolved through summary judgment. *See Snelling & Snelling, Inc. v. Fed. Ins. Co.*, 205 Fed. Appx. 199, 201 (5th Cir. 2006) ("The interpretation of an unambiguous insurance policy is a question of law and is therefore appropriate for summary judgment."); *Home Depot, U.S.A., Inc. v. Fed. Ins. Co.*, 241 F. Supp. 2d 702, 706 (E.D. Tex. 2003) ("Cases involving the interpretation of an insurance policy are particularly appropriate for summary judgment disposition."). The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

## B.   Only the Pleadings and the Policy Are Considered to Determine the Duty to Defend

Texas follows the "eight-corners" or "complaint-allegation" rule, under which the insurer's duty to defend is determined, as a matter of law, by considering only the allegations in the underlying pleadings and the language of the insurance policy. *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009); *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008); *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006); *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002); *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997).

The duty to defend analysis is not affected by facts ascertained before the suit, developed in the process of litigation, or by the ultimate outcome of the suit. *Zurich*, 268 S.W.3d at 491; *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 829 (Tex. 1997). The court must not read facts into the pleadings, look outside the pleadings, or imagine factual scenarios which might trigger coverage. *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 369 (5th Cir. 2008); *Gilbane Bldg. Co. v. Empire Steel Erectors, L.P.*, 691 F. Supp. 2d 712, 718 (S.D.

Tex. 2010); *Pine Oak*, 279 S.W.3d at 655.  In determining the duty to defend in the context of a prior litigation exclusion, the court considers only the pleadings in the current and prior lawsuits. *See Tri Core Inc. v. Northland Ins. Co.*, No. 3-01-CV-1431, 2002 WL 31548754, *4 (N.D. Tex. 2002) (comparing pleadings in three lawsuits); *King Chapman & Broussard v. Nat'l Union Fire Ins. Co.*, 171 S.W.3d 222, 229 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (declining to consider extrinsic evidence in the form of affidavits interpreting the legal character of the lawsuit); *see also Am. Gen. Life Ins. Co. v. Ace Ins. Co.*, 131 Fed. Appx. 218, 221 (11th Cir. 2005) (applying Texas law and explaining that it is not a violation of the eight-corners rule to look to the allegations of the prior lawsuits).

The duty to defend is not limitless, and the insurer has a duty to defend if, and only if, the pleading alleges facts within the policy's coverage.  *Mid-Continent Cas. Co. v. Camaley Energy Co.*, 364 F. Supp. 2d 600, 603 (N.D. Tex. 2005).  "If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured." *Pine Oak*, 279 S.W.3d at 654; *King*, 85 S.W.3d at 187; *Cowan*, 945 S.W.2d at 821.

## C.    The Prior Litigation Exclusion Is Unambiguous, Is Not Subject to Any Special Rules Favoring the Insureds, and Must Be Enforced as Written

The Insureds have not pleaded and cannot show any ambiguity in the Prior Litigation Exclusion.  (*See* Doc. 1-1, Original Petition).  The fact that the Insureds and Travelers disagree as to the meaning or applicability of the Prior Litigation Exclusion does not render it ambiguous. *See Potomac Ins. Co. v. Jayhawk Med. Acceptance Corp.*, 198 F.3d 548, 551 n.3 (5th Cir. 2000) ("Although the insured and the insurer take conflicting views of coverage, neither conflicting expectations nor dialectics are sufficient to create ambiguity.").  Rather, policy language is considered ambiguous only if it is subject to two or more reasonable interpretations.  *See State*

*Farm Lloyds v. Page*, No. 08-0799, ___ S.W.3d ___, 53 Tex. S. Ct. J. 826 (Tex. June 11, 2010);

*Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998).

The Prior Litigation Exclusion uses plain and clear language, does not contain any unique terms requiring definition, and is susceptible to only one reasonable interpretation. (*See* Apx. Tab A-1 at Page 3 of 6). Further, numerous courts in both Texas and other jurisdictions have determined that such prior litigation exclusions are clear and unambiguous. *See King Chapman & Broussard v. Nat'l Union Fire Ins. Co.*, 171 S.W.3d 222, 229 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Universal Teleservices Arizona, LLC v. Zurich Am Ins Co.*, 879 A.2d 230, 233 (Pa. Super. Ct. 2005); *ML Direct, Inc. v. TIG Specialty Ins. Co.*, 79 Cal. App. 4th 137, 145 (Cal. Ct. App. 2000). In short, the Prior Litigation Exclusion is not ambiguous.

Where, as here, the policy language is unambiguous, there are no special rules of policy construction favoring the insured. *See Potomac*, 198 F.3d at 551. Rather, the Prior Litigation Exclusion must be strictly enforced as written. *See Snelling & Snelling, Inc. v. Fed. Ins. Co.*, 205 Fed. Appx. 199, 202 (5th Cir. 2006) ("If an insurance policy 'can be given only one reasonable construction, the court must enforce the policy as written.'"); *AGIP Petroleum Co. v. Gulf Island Fabrication*, 920 F. Supp. 1318, 1325 (S.D. Tex. 1996) ("[W]hen the terms of an insurance policy are plain, definite, and unambiguous, a court may not vary those terms.").

**D.**    **The Prior Litigation Exclusion Applies Broadly and Requires Only an Incidental Relationship, Not Exact Identity, with the Earlier Lawsuit**

The Prior Litigation Exclusion clearly states in broad, expansive language that Travelers is not liable for Loss in connection with any Claim "based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any litigation against any Insured on or prior to [November 18, 2008], or any fact, circumstance or situation underlying or alleged therein." (Apx. Tab A-1 at Page 3 of 6 and Declarations). As discussed below, such

language is broadly construed as requiring only an incidental relationship, even when used in an exclusion. Texas courts and courts in other jurisdictions routinely apply such prior litigation exclusions, emphasizing that identity between the lawsuits is not necessary.

1. **Texas Broadly Construes This "Arising out of" Policy Language as Requiring Only an Incidental Relationship**

Under Texas law, the "arising out of" language that is used in the Prior Litigation Exclusion requires only a simple causal connection or relation, meaning that there is but-for causation, though not necessarily direct or proximate causation. *See Willbros RPI, Inc. v. Cont'l Cas. Co.*, 601 F.3d 306, 311 (5th Cir. 2010); *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004); *Mid-Century Ins. Co. v. Lindsey*, 997 S.W.2d 153, 156 (Tex. 1999). The Fifth Circuit has explained that the words "arising out of," when used in an insurance policy, are "broad, general, and comprehensive terms" which are "ordinarily understood to mean 'originating from,' 'having its origin in,' 'growing out of,' or 'flowing from,' or in short, 'incident to,' or 'having connection with.'" *Willbros*, 601 F.3d at 311; *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 705 n.6 (5th Cir. 1996) (quoting *Red Ball Motor Freight v. Employers Mut. Liab. Ins. Co.*, 189 F.2d 374, 378 (5th Cir.1951)).

These principles requiring a very broad interpretation of the "arising out of" language apply with equal force where, as here, the language is used in a policy exclusion. *See Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 370 (5th Cir. 1998); *Gemini Ins. Co. v. Andy Boyd Co. LLC*, 243 Fed. Appx. 814, 815 (5th Cir. 2007). As such, the claim need only bear an "incidental relationship" to the described matter for the exclusion to apply. *See Am. States Ins. Co.*, 133 F.3d at 370; *Gemini Ins. Co.*, 243 Fed. Appx. at 815; *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 458 (5th Cir. 2003). Applying these principles here, the Prior Litigation Exclusion applies broadly to bar coverage for any Claim having an incidental relationship to an

earlier lawsuit, or to any fact, circumstance or situation underlying or alleged therein.

## 2.    The Lawsuits Need Not Be Identical for the Exclusion to Apply

Consistent with this broad construction, Texas and courts in other jurisdictions have rejected arguments that the present and past lawsuits must be identical and, instead, have routinely applied prior litigation exclusions to bar coverage even where the lawsuits involved different parties, different factual allegations, and/or different causes of action.  Specifically, the Northern District of Texas has concluded that application of a prior litigation exclusion does not require identity between the parties to the lawsuits.  *Tri Core Inc. v. Northland Ins. Co.*, No. 3-01-CV-1431, 2002 WL 31548754, *5 (N.D. Tex. 2002).  The insured argued that the exclusion was inapplicable because eight parties in the current litigation were not named as parties in the two prior lawsuits.  *Id.*  The court rejected this argument and excluded coverage, emphasizing that "it is the nature of the claim, not the identity of the claimant, that controls."  *Id.  See also ML Direct, Inc. v. TIG Specialty Ins. Co.*, 79 Cal. App. 4th 137,  145-46 (Cal. Ct. App. 2000) (even though parties in current lawsuit were not parties to prior SEC and NASD proceedings, coverage excluded because current lawsuit involved same acts of misconduct as the prior proceedings).

The First Circuit has similarly held that "complete identity between the lawsuits is plainly not required" and that "differences in theories of recovery or the identity of the parties in the proceedings do not in and of themselves preclude exclusion."  *Fed. Ins. Co. v. Raytheon Co.*, 426 F.3d 491, 497-98 (1st Cir. 2005).  The exclusion at issue there applied to any claim "based upon, arising from, or in consequence of" a prior suit.  *Id.* at 495.  Focusing on the dictionary definition of "based" as "to place on or upon a foundation or logical basis," the court interpreted the exclusion as applying where the new complaint has a "substantial but not complete overlap" with the prior complaint.  *Id.* at 499.  In that case, the first lawsuit was a class action by purchasers of

Raytheon stock brought under the Securities Exchange Act of 1934, while the second lawsuit, filed four years later, was a class action by former Raytheon employees brought under the Employee Retirement Income Security Act of 1974. *Id.* at 493-94. The court recognized that the lawsuits contained different factual allegations to support their different legal theories under different statutes and that the second lawsuit alleged different wrongful acts committed after the time period specified in the first lawsuit. *Id.* at 494-95. Nevertheless, the court determined there was "little doubt that there is substantial overlap" where both lawsuits alleged that Raytheon's stock was overvalued due to Raytheon's misleading financial statements. *Id.* at 500.

### 3. Travelers' Policy Language Is Phrased in the Disjunctive and Uses the Even Broader Wording "In Any Way Involving"

The exclusion in *Raytheon*, discussed above, used the language "based upon, arising from, or in consequence of." *Raytheon*, 426 F.3d at 495. In finding no coverage under that policy language, the court recognized that other policies use the even broader language "in any way involving." *Id.* at 499 n.7. Importantly, Travelers' Prior Litigation Exclusion uses this even broader language, expressly stating that coverage is excluded for any Claim "in any way involving" the prior litigation, "or any fact, circumstance or situation underlying or alleged therein." (Apx. Tab A-1 at Page 3 of 6) (emphasis added). Numerous courts have recognized the breadth of these exact phrases, focusing on the use of the disjunctive "or." The Iowa Supreme Court explained:

> [W]e believe that phrases like "in any way involving" and "any fact, circumstance, or situation underlying or alleged" must be applied in the same comprehensive manner as they are written. We discern nothing in the language of the exclusions . . . that requires that a claim, in order to be excluded, must involve the same legal theory, wrongful acts, or requests for relief. On the contrary, these exclusions are phrased in the disjunctive. A claim is excluded if it is based upon or in any involves any fact, circumstance, or situation underlying or alleged in [the prior] litigation . . . .

*Monroe County v. Intl' Ins. Co.*, 609 N.W.2d 522, 525 (Iowa 2000) (no coverage where second suit involved facts, circumstances, or situations underlying or alleged in first suit, specifically conduct by defendant county that hindered plaintiffs' use of property, even though damages claimed were based on different legal theories).

The Southern District of New York likewise emphasized that such policy language phrased in the disjunctive does not require precisely the same parties, legal theories, wrongful acts, or requests for relief. *Zunehsine v. Executive Risk Indem. Inc.*, 1998 WL 483475, *5 (S.D.N.Y. 1998), *aff'd*, 182 F.3d 902 (2d Cir. 1999). The court found that a lawsuit by noteholders based on false statements made by the insured company in an offering memorandum was excluded because of its factual nexus to a prior lawsuit by shareholders based on false statements made by the insured company to the general public. *Id.* at *5. The court further recognized that this broad reading of such a prior litigation exclusion is consistent with the purpose behind "claims made" policies, such as the Travelers Policy, which is to limit the insurer's liability to a fixed period of time. *Id.* at *5.

In construing an exclusion using the similar phrase "or in any way related to" the prior litigation, the Eleventh Circuit held that this "very broad language" "does not require that the parties, claims, or theories of recovery in each suit be identical – only that the suits be 'in any way related to' each other." *HR Acquisition I Corp. v. Twin City Fire Ins. Co.*, 547 F.3d 1309, 1316 (11th Cir. 2008). There, a derivative suit was filed in 2002 by a shareholder of HealthSouth Corporation ("HealthSouth"), alleging a large-scale accounting fraud scheme by HealthSouth's directors and officers, including a scheme in which HealthSouth sold property to the insured company, Capstone Capital Corporation ("Capstone"), and leased it back at artificially inflated prices. *Id.* at 1311, 1315-16. The prior lawsuit, filed in 1997, was a false claims *qui tam* action

filed by a HealthSouth employee alleging that HealthSouth sold depreciable buildings to Capstone, leased them back at artificially high prices, and then falsely claimed reimbursement through Medicare. *Id.* at 1311, 1316. In seeking coverage, Capstone argued that the prior litigation exclusion did not apply because neither complaint identified any specific transactions between HealthSouth and Capstone, and because the current lawsuit alleged harm to HealthSouth's shareholders, whereas the prior lawsuit alleged harm to the United States government. *Id.* at 1316. Rejecting these arguments, the Eleventh Circuit concluded that given the exclusion's broad language, "it is not necessary for the same transactions to have been at issue in [the two lawsuits], only that the two lawsuits be 'in any way related.'" *Id.* Because both lawsuits concerned "the same type of wrongdoing," the exclusion applied, even though the suits involved different plaintiffs and different theories of recovery. *Id.*

**E.      The Prior Litigation Exclusion Bars Coverage for the 2009 Lawsuit**

       **1.      The 2009 Lawsuit Petition States That the 2009 Lawsuit Is an "Exact Replica" of the 2001 Lawsuit**

As previously discussed, the duty to defend must be determined by looking solely to the eight corners of the pleadings and the Policy. *See Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009). Here, the 2009 Lawsuit Petition itself expressly and unequivocally states that the 2009 Lawsuit is an "**exact replica**" of the 2001 Lawsuit. (Apx. Tab D at 25) (emphasis added). The Insureds acknowledged this fact in their discovery responses in this action. Specifically, in response to Federal's Interrogatory No. 4 inquiring about the Insureds' contentions regarding VICC's attempts to amend the Covenants in 2001 and 2009, the Insureds answered:

       VICC HOA contends its attempts to amend the Covenants in 2001 and 2009 are interrelated Wrongful Acts . . . because they are causally connected acts. More specifically, the plaintiffs in the 2009 Litigation contend that the attempt to amend

the Covenants in 2009 is **similar or identical** to VICC HOA's attempt to amend the Covenants in 2001.

(Apx. Tab B-1 at 4) (emphasis added).

St. Paul is entitled to rely on the 2009 Lawsuit Petition's statement as to the identicalness of the 2009 and 2001 Lawsuits, and the eight-corners rule prohibits the Insureds from introducing extrinsic evidence to contradict this statement. *See Pine Oak Builders*, 279 S.W.3d at 654-55 (emphasizing that "an insurer is entitled to rely solely on the factual allegations contained in the petition in conjunction with the terms of the policy to determine whether it has a duty to defend" and rejecting the insured's extrinsic evidence showing that the faulty work was performed by subcontractors, because such evidence contradicted the pleading's allegation that the insured alone performed the work); *see also GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 309-10 (Tex. 2006) (refusing to consider extrinsic evidence correcting the actor's dates of employment because it contradicted the allegation that the actor was employed during the relevant coverage period, and because "[u]nder the eight-corners rule, the allegation's truth was not a matter for debate in a declaratory judgment action between insurer and insured."). Thus, the truth or falsity of the 2009 Lawsuit Petition's "exact replica" statement is not at issue in this coverage action, and the Insureds are bound by the statement.

## 2. The Lawsuits Involve the Same Parties or Parties Sued in the Same Capacities

Although not required for the Prior Litigation Exclusion to apply, the 2009 and 2001 Lawsuits involve the same or similar parties. The plaintiffs in the 2009 Lawsuit are Los Campeones, The Community Association, and thirty individuals who are owners of property in Country Club Estates. (Apx. Tab D at 1, 5-7). These are essentially the same parties who brought the 2001 Lawsuit. Specifically, the plaintiffs in the 2001 Lawsuit are Los Campeones,

The Community Association, and thirteen individuals and one entity who are owners of property in Country Club Estates. (Apx. Tab D at Exhibit "D" at 1, 3-4). Both pleadings identically characterize the individual plaintiffs as "legal and equitable owners of property that may be subject to or burdened by the filing of" the amendments to the 1969 Covenants. (Apx. Tab D at 5 [2009 Lawsuit]; Apx. Tab D at Exhibit "D" at 3 [2001 Lawsuit]). Thus, while the specific individuals named as plaintiffs differs slightly between the two suits, all of these individuals sued in the same capacity as property owners.

The defendants in the 2009 Lawsuit are VICC and its directors and/or officers, including Robert Brooks, James Nelson, and Douglas McKee. (Apx. Tab D at 8-9). The defendants in the 2001 Lawsuit are VICC and its directors and/or officers, including Mr. Brooks, Walter Plitt, and Molly Plitt. (Apx. Tab D at Exhibit "D" at 4). Both pleadings identify the individual defendants as directors and/or officers of VICC. (Apx. Tab D at 8-9 [2009 Lawsuit]; Apx. Tab D at Exhibit "D" at 2, 4 [2001 Lawsuit]). Thus, again, while the specific individuals named as defendants differs slightly between the two suits, all of these individuals were sued in the same capacity as VICC directors and/or officers.

### 3.     The Lawsuits Involve the Same Type of Wrongdoing

Further, while the lawsuits involve separate amendments made in separate years, the amendments attempted to make the same changes to the same 1969 Covenants, using the same allegedly improper methods and resulting in the same complaints by the plaintiffs. Specifically, both suits challenge amendments to the 1969 Covenants, specifically Sections 4, 5, 6, 7, 7A, 7B, 8, 8A, 8B, 8C, 9, 9A, 13 and 100. (Apx. Tab D at 5, 23, 71-72 [2009 Lawsuit]; Apx. Tab D at Exhibit "D" at 5-7 [2001 Lawsuit]). Both suits complain that the amendments impermissibly transferred from Los Campeones to VICC exactly the same legal duties and responsibilities for

"maintaining facilities, yard maintenance, trash pick-up, homeowners services, [and] street maintenance" within Country Club Estates and for "collecting all maintenance fees, dues and assessments" from the homeowners.  (Apx. Tab D at 62 [2009 Lawsuit]; Apx. Tab D at Exhibit "D" at 5 [2001 Lawsuit]).

The two pleadings also attack the amendments on exactly the same ground—that the Insureds failed to obtain a majority of votes from the property owners pursuant to the voting procedure required to amend the 1969 Covenants, which was established by an agreed judgment in another prior lawsuit, Cause No. 98-11-4579-C, under which "the parties agreed that each lot owner [is] entitled to have one vote and that multiple dwelling owners on a single lot are entitled to a proportionate share of the 1 vote for that lot." (Apx. Tab D at 31, 52, 60-61 [2009 Lawsuit]; Apx. Tab D at Exhibit "D" at 8-9 [2001 Lawsuit]).  More specifically, both pleadings contend that the Insureds did not obtain the requisite number of votes due to these same reasons:

(1)    The Insureds improperly counted votes from lot owners who are not covered by the 1969 Covenants, but rather by covenants and restrictions from 1965.  (Apx. Tab D at 54-56 [2009 Lawsuit]; Apx. Tab D at Exhibit "D" at 9 [2001 Lawsuit]).

(2)    The Insureds improperly counted votes from lot owners who are deceased.  (Apx. Tab D at 56-58  [2009 Lawsuit]; Apx. Tab D at Exhibit "D" at 11 [2001 Lawsuit]).

(3)    The Insureds improperly counted votes from lot owners who had revoked their prior consent to the amendments.  (Apx. Tab D at 58-60  [2009 Lawsuit]; Apx. Tab D at Exhibit "D" at  10-11 [2001 Lawsuit]).

Given these matching allegations, it is clear that the 2009 Lawsuit and the 2001 Lawsuit involve the same type of wrongdoing. *See HR Acquisition*, 547 F.3d at 1316, *supra* (applying exclusion where two lawsuits involved different transactions, but "the same type of wrongdoing").

### 4.     The Lawsuits Seek the Same Relief Based on the Same Causes of Action

In addition to alleging the same wrongdoing with respect to the purported invalid amendments to the 1969 Covenants, the 2009 Lawsuit and the 2001 Lawsuit assert the same causes of action and seek the same relief.   Specifically, both lawsuits request entry of a declaratory judgment setting aside or voiding the respective amendments and keeping the 1969 Covenants in place. (Apx. Tab D at 71-72 [2009 Lawsuit]; Apx. Tab D at Exhibit "D" at 21 [2001 Lawsuit]).  Both pleadings also seek a temporary restraining order, a temporary injunction, and a permanent injunction prohibiting the Insureds from enforcing the amendments.  (Apx. Tab D at 72-77 [2009 Lawsuit]; Apx. Tab D at Exhibit "D" at 20-21 [2001 Lawsuit]).  Notably, after devoting several pages to discussing the history and facts of the 2001 Lawsuit, the 2009 Lawsuit incorporates by reference the attached October 22, 2001 summary judgment order in the 2001 Lawsuit and asks the Court to "find as the prior Court legally found in the past, as a matter of law, that the present [2009 Amendment] is void, wrongful, and illegally unlawful on its face." (Apx. Tab D at 25-32, 36, and Exhibit "G").   Based on this statement, it is clear that the 2009 Lawsuit seeks the same result as the 2001 Lawsuit.

### 5.     The Prior Litigation Exclusion Applies to Exclude Coverage for the 2009 Lawsuit

This case is not one of isolated similarities or a strained connection between two lawsuits; rather, the presence of the same allegations is pervasive throughout both pleadings.   It is undeniable that the 2009 Lawsuit makes the same complaints and seeks the same relief for and from the same parties as the 2001 Lawsuit.  Even a cursory review of the two pleadings shows

that the plaintiffs in the 2009 Lawsuit borrowed heavily, and in numerous places quoted verbatim, from the 2001 pleading. In fact, the 2009 Lawsuit Petition attaches and incorporates the petition from the 2001 Lawsuit "as if fully copied and set forth at length." (Apx. Tab D at 26 and Exhibit "D"). *See Raytheon Co.*, 426 F.3d at 500 (enforcing exclusion where the parties "cut and pasted a lot of the factual allegations" from the prior lawsuit); *ML Direct*, 79 Cal. App. 4th at 143 (enforcing exclusion where the complaint "borrowed liberally" from the prior pleadings, "in effect cutting and pasting"). This pervasive reliance on the 2001 pleading is not surprising given that the same law firm represented the plaintiffs in both the 2009 and 2001 lawsuits. (Apx. Tab D at 78 [2009 Lawsuit]; Apx. Tab D at Exhibit "D" at 22 [2001 Lawsuit]). Indeed, the Insureds themselves conceded during discovery in this action that the allegations in the 2009 Lawsuit are "similar or identical" to the allegations in the 2001 Lawsuit. (Apx. Tab B-1 at 4).

Given this substantial overlap between the two lawsuits, the undisputed facts establish as a matter of law that the 2009 Lawsuit is based upon, arises out of, directly or indirectly results from, is in consequence of, or in any way involves the 2001 Lawsuit, or any fact, circumstance or situation underlying or alleged in the 2001 Lawsuit. (*See* Apx. Tab A-1 at Page 3 of 6). Indeed, the evidence in this case constitutes a far stronger overlap between the 2009 Lawsuit and the 2001 Lawsuit than the mere "incidental relationship" Texas courts have found sufficient when interpreting exclusions using this broad "arising out of" language. *See Am. States Ins. Co.*, 133 F.3d at 370; *Sport Supply Group*, 335 F.3d at 458. The 2001 Lawsuit was filed on March 29, 2001, which was over seven years before the Policy's November 18, 2008 Pending and Prior Litigation Date. (Apx. Tab A-1 at Declarations; Apx. Tab D at Exhibit "D" at 1). Consequently, the Prior Litigation Exclusion applies to bar coverage for the 2009 Lawsuit.

**F.    In the Absence of Coverage, Travelers Is Entitled to Summary Judgment on All of the Insureds' Causes of Action**

In this action, the Insureds seek a declaratory judgment that Travelers owes them defense and indemnity for the 2009 Lawsuit.   (Doc. 1-1, Original Petition at ¶¶ 21-22).   The Policy provides that Travelers "shall have the right and duty to defend any Claim covered by this Policy." (Apx. Tab A-1 at Page 1 of 6, Section I.B.).   Thus, pursuant to the Policy's express terms, Travelers' duty to defend extends only to a covered Claim.   *See Pine Oak*, 279 S.W.3d at 654 ("If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured.").   As shown above, the undisputed facts establish as a matter of law that the Policy's Prior Litigation Exclusion bars coverage for the 2009 Lawsuit. In the absence of coverage, Travelers has no duty to defend the Insureds in the 2009 Lawsuit. Therefore, Travelers is entitled to summary judgment on the Insureds' claim for declaratory relief on the duty to defend.

The duty to defend and the duty to indemnify are distinct and separate duties.   *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002).   Because the duty to defend is broader than the duty to indemnify, "[l]ogic and common sense dictate that if there is no duty to defend, then there must be no duty to indemnify." *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998).   When, as here, "the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*," the duty to indemnify is justiciable before resolution of the underlying suit.   *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis in original).   The applicability of the Prior Litigation Exclusion negates any possibility that Travelers will ever have a duty to indemnify the Insureds for the 2009 Lawsuit.   Therefore, Travelers is also entitled to summary judgment on the Insureds' claim for declaratory relief on the duty to indemnify.

Further, the Insureds assert a cause of action for breach of contract, alleging that Travelers breached the Policy by failing to defend the Insureds in the 2009 Lawsuit. (Doc. 1-1, Original Petition at ¶¶ 25-26). As discussed above, because the Prior Litigation Exclusion precludes coverage for the 2009 Lawsuit, Travelers has no duty to defend under the Policy and applicable law. *See* Apx. Tab A-1 at Page 1 of 6, Section I.B. (duty to defend applies only to a "Claim covered by this Policy"); *Pine Oak*, 279 S.W.3d at 654. Consequently, Travelers has not breached the Policy, and the Insureds' breach of contract claim fails as a matter of law. Further, because the Insureds cannot prevail on their breach of contract claim, they cannot recover attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code. *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 666 (Tex. 2009).

Finally, the Insureds seek recovery of an 18% penalty and attorneys' fees under the Prompt Payment of Claims Statute, Section 542.060 of the Texas Insurance Code (former Article 21.55). (Doc. 1-1, Original Petition at ¶¶ 27-28). However, this Court has made it clear that an insured cannot prevail under this Statute if the claim is not covered under the policy. *South Tex. Med. Clinics, P.A. v. CNA Fin. Corp.*, No. H-06-4041, 2008 WL 450012, *11 (S.D. Tex. 2008) (explaining that the Statute applies only where the insurer is liable for the claim); *see also Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (construing former version of Statute and holding that "[t]here can be no liability under article 21.55 if the insurance claim is not covered by the policy"). Because the 2009 Lawsuit is not covered under the Policy, Travelers cannot be liable under the Statute, and the Insureds' claim for the penalty and attorneys' fees also fails as a matter of law.

## VII.
## CONCLUSION

In summary, the undisputed facts establish as a matter of law that the Policy's Prior Litigation Exclusion precludes coverage for the 2009 Lawsuit. Therefore, Travelers has no duty to defend or indemnify the Insureds in the 2009 Lawsuit, and the Insureds are not entitled to declaratory relief. Moreover, in the absence of coverage, the Insureds cannot prevail on their claims for breach of contract, violation of the Insurance Code, and attorneys' fees. Accordingly, Travelers is entitled to summary judgment as a matter of law and to dismissal of all the causes of action the Insureds have asserted against it in this action.

Respectfully submitted,

By:    /s/ R. Douglas Noah, Jr.
        R. Douglas Noah, Jr.
        Attorney-in-Charge
        Texas State Bar No. 15047500
        Southern District of Texas Bar No. 15287
        WILSON, ELSER, MOSKOWITZ,
          EDELMAN & DICKER LLP
        901 Main Street, Suite 4800
        Dallas, Texas 75202-3758
        Telephone: (214) 698-8000
        Facsimile: (214) 698-1101
        Email: doug.noah@wilsonelser.com

**ATTORNEY FOR DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

**OF COUNSEL**
Eduardo Roberto Rodriguez
Texas State Bar No. 00000080
Southern District of Texas Bar No. 1944
RODRIGUEZ & NICOLAS, LLP
50 W. Morrison Road, Suite A
Brownsville, Texas 78520
Telephone: (956) 574-9333
Facsimile: (956) 574-9337
Email: errodriguez@rodrrrueznicolas.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2010, I electronically filed the foregoing Defendant Travelers Casualty and Surety Company of America's Motion for Summary Judgment and Brief in Support, with the accompanying Appendix, using the Court's CM/ECF system, which will automatically serve a copy on the following counsel of record:

Lee H. Shidlofsky
Douglas P. Skelley
VISSER SHIDLOFSKY LLP
7200 N. MoPac Expressway, Suite 430
Austin, Texas 78731
**COUNSEL FOR PLAINTIFFS**

Michael C. Wright
RUSSELL & WRIGHT, PLLC
17855 Dallas Parkway, Suite 195
Dallas, TX 75287
**COUNSEL FOR DEFENDANT**
**FEDERAL INSURANCE COMPANY**

Tom A. Lockhart
Adams & Graham
P. O. Drawer 1429
Harlingen, TX 78551-1429
**COUNSEL FOR THIRD-PARTY DEFENDANT**
**TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY**


                                                       _/s/ R. Douglas Noah, Jr._
                                                    R. DOUGLAS NOAH, JR.